IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                        Civ. No. 06-933 RB/RHS

99,223.7238 ACRES OF LAND, MORE OR
LESS, IN SANDOVAL and RIO ARRIBA
COUNTIES, NEW MEXICO, and J.B.
HARRELL, JR.,

       Defendants.

**REPORT AND RECOMMENDATION**
**THAT DEFENDANT J.B. HARRELL, JR.'S**
**MOTION FOR SANCTIONS BE DENIED**

**THIS MATTER** comes before the Court on Defendant J.B. Harrell, Jr.'s Motion for Sanctions, filed February 12, 2008 [docket no. 63]. The Trial Court has asked the undersigned to prepare and submit a Report and Recommendation relative to the disposition of the motion. Now, having considered the pleadings on file in the above captioned cause, the arguments and authorities propounded by the respective parties, and being otherwise fully advised in the premises, this Court respectfully recommends that the motion be denied.

*Background*

The instant motion filed by Defendant Harrell, Jr. (hereinafter referred to as "Defendant") asserts that the Plaintiff violated the Court's Order of September 26, 2007 [docket no. 56] by not identifying or producing documents relating to what is now referred to in this litigation as the "Halmbacher Appraisal" and for not providing "meaningful, full or complete" responses

regarding Plaintiff's rationale for depositing $700,000 with the Clerk of the Court as just compensation.  (See Motion at 10).  Defendant asks that the Court sanction the Plaintiff as follows:

> 1.  Prohibit the United States from offering any testimony or making any argument regarding the Halmbacher Appraisal;
>
> 2.  Instructing the jury that the United States' estimate of just compensation in this action is no less than $1,875,000;
>
> 3.  Establishing as fact that the highest and best use for the Defendant's interests was to consolidate those interests with the surface ownership or to develop the geothermal and pumice resources;
>
> 4.  Establish as fact the only valid approach to valuing the geothermal mineral estate was the income approach due to the absence of comparable sales; and
>
> 5.  Exclude the expert testimony of John Widdoss, Ellen Hodos, Jim Hodos, Paul Brophy, Kathy Enedy, John Dorchester, and their associates.

Defendant also seeks the following sanctions for Plaintiff's submission of  allegedly "distorted" responses regarding its diminished estimate of just compensation.

> 1.  Establish as fact that the Halmbacher Appraisal is a current and reliable appraisal binding the United States; and
>
> 2.  Establish as fact that Defendant would have received timely all necessary permits for mineral development.

(See Motion at 20).

In other words, Movant asks the Court for an order imposing sanctions which are tantamount to judgment as a matter of law leaving the trier of fact only the issue of whether the amount of just compensation should be $1,875,000 or higher. This represents a denial of Plaintiff's ability to put on a case-in-chief.  Defendant does not seek any lesser sanctions and

reflects that the imposition of any sanction other than what it is seeking would not "significantly deter the United States." (See Motion at 20).

### *Issue No. I:  Did the United States Intentionally and Willfully Permit the Halmbacher Appraisal Work Papers to be Destroyed?*

Defendant asserts that the United States destroyed and concealed pre-condemnation appraisal documents related to the Halmbacher Appraisal.  Defendant further asserts that the United States knew, or should have known, that the Halmbacher Appraisal work papers were relevant to this lawsuit and that the United States had a duty and ability to prevent their destruction.  (See Motion at 13).  This argument addresses what Defendant believes is a duty to preserve by the United States.  Defendant also states affirmatively and with certainty that the United States "destroyed" the Halmbacher Appraisal work papers.  (See Motion at 13).  It is not clear whether the Defendant is arguing that the United States intentionally destroyed the work papers or, rather, permitted them to be destroyed by not taking steps to preserve them.  The outcome may be the same in that the papers are not available, however, the factual difference is significant in terms of imposing a sanction.  The United States advises the Court, under signature of its counsel of record who is also an officer of the Court, that it was not until October 1, 2007, five days after the Court entered its Order of September 26, 2007, that it (the United States) initiated contact with Mr. Halmbacher and learned that he had "discarded" (see Response at 5) his work papers upon expiration of the mandatory five-year record retention rule under the Uniform Standards for Professional Appraisal Practice.  Counsel for the United States further advises the Court that Mr. Halmbacher discarded his work file at his own discretion (see Response at 5) and without knowledge that this condemnation action had been filed.  Plaintiff

offered to reopen discovery to permit the deposition of Mr. Halmbacher in order to resolve the concerns which had arisen over the destruction of the work papers.  No agreement was ever reached between counsel as to whether Mr. Halmbacher should be deposed on this issue.  The Court does not find with certainty that the United States intentionally destroyed or permitted to be destroyed the work papers of the Halmbacher Appraisal.

### *Issue No. II:  Did the United States Withhold Documents Related to the Halmbacher Appraisal that it Provided its Experts?*

Second, Defendant argues that the United States intentionally failed to produce documents related to the Halmbacher Appraisal that it provided its own experts.  (See Motion at18).  Defendant states that the United States has provided two documents related to the Halmbacher Appraisal to its experts but not to the Defendant, those being the Appraisal Review Report and the Informational Memorandum.  Defendant accuses the United States of "concealing them from Defendant and Defendant's experts."  (See Motion at 14).  The United States, in response, points out that in March, 2007, Defendant produced a partial copy of the Appraisal Review that had been given to Defendant by the United States six years earlier.  (See Response at 3).  As to the Informational Memorandum, the United States asserts that it provided Defendant with an expert appraisal prepared by John Widdoss which included as supporting documentation copies of the Appraisal Review, as well as a November 2003 memorandum ("Informational Memo") regarding Defendant's outstanding mineral interests.  Therefore, it appears Defendant is stating to the Court that the United States "withheld" and "concealed" these two documents (see Motion at 14-15) and the United States is advising the Court that these documents were provided

to Defendants in 2001.  Based on the submittals, this Court cannot determine the accuracy of either party's representations and therefore the imposition of sanctions is not appropriate.

### *Issue No. III:  Has the United States Provided Meaningful,*
### *Full or Complete Explanations as to How it Concluded*
### *That $700,000 was Just Compensation for the Defendant's*
### *Mineral Estate Rather than the Previously Appraised Value of $1,875,000?*

On September 26, 2007, the Court entered its Order requiring Plaintiff to disclose the underlying factual information, documents and/or opinions upon which Mr. Snow relied in advising Mr. Rey as to the estimated amount of $700,000 as just compensation.  Defendant complains that the United States responded by merely stating that the Halmbacher Appraisal was unreliable.  Defendant asserts that the responses were neither full nor complete and are based upon "distortions of fact and mischaracterizations of law."  (See Motion at 16).  The United States counters by arguing that Mr. Snow (United States Department of Agriculture, Office of General Counsel) had explained that there was no current or reliable appraisal of the property and that the $700,000 estimate provisionally represented $100,000 for each of the seven named Defendants and that the deposit was an estimate and is not binding upon either party.  The United States further represents that Mr. Snow had explained that the Halmbacher Appraisal had valued the outstanding mineral interests at $1,875,000 based on the highest and best use of geothermal development but that Mr. Halmbacher had presumed that all necessary and required permits for geothermal development could be obtained in a timely manner without significant cost or delay.  The United States goes on to state that Mr. Snow has explained that subsequent events and legal rulings have undermined the presumptions and, thus assumed the Halmbacher

Appraisal and these subsequent events and legal rulings have indicated that geothermal development is not a viable use for the outstanding mineral interests as of the date of value (May 31, 2006). Fundamentally, the difference between the parties lies in the fact that the United States does not believe that the diminution in value between 2001 and 2006 is an issue in this case and that the Halmbacher Appraisal is not relevant. The United States relies on the proposition that the value of the condemned property is the value as of May 31, 2006. Defendant argues that the United States' contentions of as to the value of the subject property are "deceptive" and that the United States has mischaracterized prior legal rulings. (See Motion at 17). Defendant believes the Halmbacher Appraisal and its approaches to value (methods of valuation?) are critical to these proceedings. These are arguments properly presented to the trial court and the trier of fact. They are not arguments to be resolved in the context of a discovery dispute by the imposition of sanctions in the nature of those sought by Defendant.

### *Issue No. IV:  Did Defendant Harrell, Jr., File the Instant Motion Seeking Sanctions with Unclean Hands?*

In its Surreply to Defendant Harrell, Jr.'s Motion for Sanctions, Plaintiff advises the Court of matters which may be the subject of future motion practice relative to Plaintiff's concern that Defendant Harrell, Jr. has filed his motion for sanctions with "unclean hands." Plaintiff states that it has now discovered that Defendants concealed the fact that their expert, Mitch Albert, had prepared an opinion of value for the subject property in 2002 which was never disclosed to Plaintiff. In essence, Plaintiff asserts that while it is being accused of spoliation and withholding documents, Defendants have engaged in the same conduct. This is not the time for

the Court to make a decision on that issue, however, it does serve as at least an indicator that the sanctions sought by Defendant at this time are not appropriate.

### *Recommendation*

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendant J.B. Harrell, Jr.'s Motion for Sanctions (docket no. 63) be denied.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE