## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                             **No. CIV 06-0933 RB/RHS**

**99,223.7238 ACRES OF LAND, more or less, in
SANDOVAL and RIO ARRIBA COUNTIES,
NEW MEXICO, and J.B. HARRELL, JR., et al.**

       **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's Motion to Add Parties Defendant Under Rule 71.1(c)(3), filed on April 15, 2008. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions, applicable law, and being otherwise fully advised, Plaintiff's Motion to Add Parties Defendant Under Rule 71.1(c)(3) is **GRANTED**.

**I.    Background.**

This condemnation action concerns the undivided mineral estate beneath the Valles Caldera National Preserve (herein "Preserve"), formerly known as the Baca Ranch, located in New Mexico's Jemez Mountains and surrounded by the Santa Fe National Forest. The Preserve accounts for "most of the Valles Caldera," a "large resurgent lava dome with potential geothermal activity." 16 U.S.C. § 698v(a)(1)-(2). Prior to the date of the taking at issue here, the government owned 100% of the Preserve's surface estate and 87.5% of the underlying undivided mineral subsurface estate.

On July 25, 2000, the Valles Caldera Preservation Act ("VCPA" or "the Act") became law. 146 Cong. Rec. D834-01 (daily ed. July 26, 2000). The Act authorized Plaintiff the United States of America to acquire, on a "willing seller basis," "all or part of the rights, title, and interest in and

to approximately 94,761 acres of the Baca ranch." 16 U.S.C. § 698v-2(a)(1), (a)(3)(A) (2000).  The

Act expressly provided that the Preserve was a unit of the National Forest System. 16 U.S.C. §§

698v-3, 698v-6(f).   The VCPA's stated purposes include "protect[ing] and preserv[ing] the

scientific, scenic, geologic, watershed, fish, wildlife, historic, cultural, and recreational values of the

Preserve," and "provid[ing] for multiple use and sustained yield of renewable resources within the

Preserve." *Id.* § 698v-3(b).

Under the VCPA, the Valles Caldera Trust ("the Trust")–created as a government

corporation–and the Secretary of Agriculture are vested with responsibility for managing the

Preserve and its resources. *Id.* §§ 698v-4–698v-6.  The VCPA made clear that:

> The acquisition of the Baca ranch by the Secretary shall be *subject to* all outstanding
> valid existing mineral interests.  The Secretary is authorized and directed to negotiate
> with the owners of any fractional interest in the subsurface estate for the acquisition
> of such fractional interest on a willing seller basis for not to exceed its fair market
> value, as determined by appraisal done in conformity with the Uniform Appraisal
> Standards for Federal Land Acquisitions.

16 U.S.C. § 698v-2(e) (2000) (emphasis added).

In December 2005, the VCPA was amended. Pub. L. 109-132, Dec. 20, 2005, 119 Stat. 2570.

In applicable part, the amendments authorized Plaintiff to exercise eminent domain over the

outstanding mineral interests if "negotiations to acquire the interests [we]re unsuccessful by the date

that is 60 days after December 20, 2005." 16 U.S.C. § 698v-2(e)(5) (2005); *compare* Pub. L.

106-248, Title I, § 104(e), July 25, 2000, 114 Stat. 600, *with* Pub. L. 109-132, § 2(a), Dec. 20, 2005,

119 Stat. 2570.  After a negotiated sale failed to materialize within the statutorily mandated period,

the government exercised eminent domain authority over the outstanding 12.5% minority mineral

interests.  The stipulated date of taking is May 21, 2006.  On October 2, 2006, Plaintiff filed the

underlying Complaint for Condemnation.  At that time, Plaintiff deposited $700,000.00, the amount

it claims constitutes "just compensation" for Defendants' property, with the Clerk of Court.

The United States–after undertaking its responsibility under Rule 71.1(c)(3) to conduct a "reasonably diligent search of the records" for the condemned mineral interests underlying approximately 99,223.7238 acres of land in Sandoval and Rio Arriba Counties, New Mexico–has discovered documents indicating the following parties may have an interest in the condemned property: Magma Power Company, Ernestine Birdsey Phinney a.k.a Ernestine Birdsey, Ann Temesi, Melissa Leigh Harrell, James P. Dunigan - JBD Trust, James P. Dunigan - TFP Trust, James P. Dunigan - WRD Trust, James P. Dunigan JAP Security Trust, Public Service Company of New Mexico, Sandoval County, and Rio Arriba County. On April 15, 2008, Plaintiff filed its Motion to Add Parties' Defendant Under Rule 71.1(c)(3).

## II.   Discussion.

Rule 71.1(c)(3), which governs complaints in eminent domain proceedings, provides:

> When the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known. But before any hearing on compensation, the plaintiff *must add* as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired. All others may be made defendants under the designation "Unknown Owners."

Fed.R.Civ.P. 71.1(c)(3) (emphasis added).

The Court finds that, as a legal matter, adding all parties who have or may claim any interest in the condemned property is required by Rule 71.1(c)(3) and, as a practical matter, adding these parties is the best way to establish a clear record that all potential claimants have been properly served with notice of their right to just compensation for any interest that they may have in the condemned property.

Defendants' suggestion that the Court should bifurcate this case and hold a separate trial to

ascertain just compensation for these additional parties runs contrary to the instructions of the Tenth

Circuit Court of Appeals.

> A condemnation proceeding is an in rem proceeding and when land is taken in which separate interests or estates are owned by two or more persons, as between the public and the owners, it is regarded as one estate. One award as just compensation for the entire value of the land is made and it stands in place of the property appropriated as the equivalent thereof. The distribution of the award between the owners of the separate interests or estates is a matter wholly between them and the public is not concerned therewith.

*Bogart v. United States*, 169 F.2d 210, 213 (10th Cir. 1948). Adding additional parties, therefore,

does not present a separate valuation question that would be appropriately resolved in a separate

trial; instead, the condemned property should be valued as a single estate in a single proceeding,

with just compensation subsequently distributed amongst the interested parties according to their

pro rata share of the unified fee estate.

## III.    Conclusion.

The Court finds that Plaintiff's motion is timely and well taken.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Add Parties Defendant Under Rule 71.1(c)(3)

is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**