IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                   Civ. No. 06-933 RB/RHS

99,223.7238 ACRES OF LAND, MORE OR
LESS, IN SANDOVAL and RIO ARRIBA
COUNTIES, NEW MEXICO, and J.B.
HARRELL, JR., et al.,

      Defendants.

### REPORT AND RECOMMENDATION RELATIVE TO DEFENDANTS' SECOND MOTION FOR SANCTIONS AND REQUEST FOR EXPEDITED HEARING

**THIS MATTER** comes before the Court on Defendants' Second Motion for Sanctions and Request for Expedited Hearing [docket no. 171]. The Court has now considered all of the pleadings on file in the above-captioned cause as well as the arguments and authorities propounded by counsel for the respective parties and articulated in the pleadings and as well at oral argument presented to the Court on April 9, 2009, at 8:30 a.m.

### *Background*

The procedural history of this case is contained in the pleadings on file and therefore does not require repeating herein. As background for Defendants' Second Motion for Sanctions, the Court is fully aware that a Commission was constituted for the purpose of holding a hearing on the merits and thereafter determining the value of the mineral interest in the Baca Ranch. Defendants' Second Motion for Sanctions complains that on February 26, 2009, four days before

the Commission commenced its proceedings on March 2, 2009, the United States produced supplemental discovery responses which revealed other appraisals and documents not previously disclosed or produced in discovery.  Defendants argue that but for the Commission's "serendipitous" request for documents, the Defendants would not have discovered Plaintiff's failure to produce these responsive documents.  The Court understands the term "serendipitous" to mean that the Commission made a fortunate discovery accidentally.  At any rate, Defendants argue that the conduct of the United States is inexcusable.  At oral argument, counsel for Defendants referred to Plaintiff's conduct (which the Court took to mean the conduct of Plaintiff's counsel and principal declarants) as "hiding stuff," "verifications which were lies," "artificially limiting its search," "peddling a fiction," and tantamount to "Ted Stevens abuse." This is all strong language and represents counsel for Defendants' accusation that Plaintiff and its counsel of record intentionally falsified to the Defendants and to the Court that it had produced all responsive information in its possession.

     The United States in its Response to Defendants' March 3, 2009 Second Motion for Sanctions argues that the motion is the result of an "unfortunate and innocent oversight" by the United States and also advises the Court that the documents were "serendipitously" found among papers belonging to a former Forest Service employee (see Response at Page 1).  The United States does not deny that it produced the previously undisclosed documents to the Defendants on February 26, 2009 and that on February 27, 2009, trial counsel for the Plaintiff wrote trial counsel for the Defendants advising that the United States had no objection to the Defendants introducing any of the documents at trial before the Commission (see United States' Response, Exhibit 7).

It is uncontested that at least four days before the hearing on the merits, Defendants had in their possession all of the documents which are the subject of this Motion for Sanctions. Counsel for Plaintiff acknowledges that he conferred with the Defendants about these documents and their late disclosure and that the Defendants affirmatively decided to go forward with the hearing on the merits rather than seek a continuance. The Court does not quarrel with this decision as it was apparently based upon the advanced age of the Defendants and the fact that several Defendants had passed away during the pendency of this action. Therefore, with possession of the previously undisclosed documents and with the understanding that the information in these documents may or may not affect expert witness opinion testimony to be presented to the Commission, Defendants elected to proceed without delay. Defendants did not inquire of the Commission as to when they could reconstitute and proceed on the merits, although counsel for Defendants indicates that it probably would have been a matter of months before Defendants would be able to go forward after digesting the newly obtained discovery supplements. The undersigned respectfully concludes that because the Defendants knew of and had possession of the previously undisclosed documents prior to trial on the merits, decided not to ask for a continuance, did not inquire as to when the Commission could reconvene if a continuance were to be sought, and did not seek intervention from the Court, the Defendants have effectively waived any objection they may have to the alleged discovery abuses of the Plaintiff. Nothing contained herein is to be construed as any decision by this Court regarding the conduct of the Plaintiff, its counsel, or principal declarants and actors. Have concluded that Defendants waived any objection to the late discovery supplements, it is not necessary that the Court proceed on the issue of whether or not the conduct of Plaintiff was intentional.

### *Recommendation*

For reasons stated, it is therefore recommended that Defendants' Second Motion for Sanctions and Request for Expedited Hearing [docket no. 171] be denied.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE