**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                  **No. CIV 06-0933 RB/RHS**

**99,223.7238 ACRES OF LAND, more or less, in**
**SANDOVAL and RIO ARRIBA COUNTIES,**
**NEW MEXICO, and J.B. HARRELL, JR., et al.**

      **Defendants.**

## ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Adopt the Commission's Report, filed April 7, 2009, Defendants' Objections to Magistrate Judge Robert H. Scott's April 9, 2009 Report and Recommendation, filed April 22, 2009, and Plaintiff's Objections to the Commissioners' Findings and Motion to Modify Award of Just Compensation, filed May 7, 2009. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions, applicable law, and being otherwise fully advised, the Court reopens discovery for sixty days for the limited purpose of providing the parties with an opportunity to amend or supplement their expert reports in light of the untimely disclosure of an appraisal by the United States. The issues of just compensation and the appropriateness of sanctions will be determined by the Court *de novo* after a hearing to be held during the first week of October 2009.[1] *See* FED. R. CIV. P. 53(f)(1) and 53(f)(3); 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and 636(b)(1)(C).

At the October hearing, the record established before the Commission will be supplemented

---

[1] Having considered the parties' objections, the Court no longer intends to engage in *ex parte* communications with the Commission.

as follows, and the parties will strictly adhere to the following instructions: (1) Up to one hour will be allotted for the parties to introduce additional evidence on the discrete issue of any undeveloped impact of the late disclosed appraisal. The Court will police the division of time to avoid injustice. (2) Each party will then be granted an hour to argue their positions, with Defendants going first. Defendants may reserve time for rebuttal, but only may address the issue of just compensation on rebuttal. (3) Each party may submit, at least ten days prior to the hearing, a well-referenced summary of the evidentiary support for their positions, including an evidentiary-based assessment of highest and best use of the mineral interests at issue in this case, an evidentiary-based assessment of fair market value, and any evidence of actual prejudice to the Defendants based on the untimely disclosure of an appraisal by the United States. This written summary may not exceed twelve double-spaced pages. (4) Any supplemental exhibits must be amendments to expert reports or revisions to expert testimony that are based exclusively on new information from the appraisal that was untimely disclosed by the United States.

    **IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**