IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                       No. CIV 06-0933 RB/RHS

**99,223.7238 ACRES OF LAND, more or less, in**
**SANDOVAL and RIO ARRIBA COUNTIES,**
**NEW MEXICO, and J.B. HARRELL, JR., et al.**

      **Defendants.**

### PROTECTIVE ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for Protective Order from Notice of Deposition of United States of America Pursuant to Fed. R. Civ. P. 30(b)(6), and Notice of Non-Appearance (Doc. 214), filed on July 31, 2009. Defendants filed a response in opposition to the motion on August 4, 2009. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, applicable law, and being otherwise fully advised, I hereby **grant** Plaintiff's motion.

On July 8, 2009, the Court reopened discovery "for the limited purpose of providing the parties with an opportunity to amend or supplement their expert reports in light of the untimely disclosure of an appraisal by the United States." (Doc. 211.) At the October 2009 hearing, the Court has allotted up to one hour for the "parties to introduce additional evidence on the discrete issue of any undeveloped impact of the late disclosed appraisal." (*Id.*) Discovery was reopened to allow development of "any evidence of actual prejudice to the Defendants based on the untimely disclosure of an appraisal by the United States." (*Id.*)

The Court intended to limit the scope of the additional discovery to the "discrete issue" of any "actual prejudice" that the late disclosure of the document caused Defendants. The scope of

discovery is limited to the issue of whether the late disclosed document would have impacted the experts' opinions as to value. The Court allowed the parties limited discovery in order to allow them to make and meet the actual prejudice argument. Defendants' efforts to establish culpability are outside the limited discovery contemplated. Although the Court has permitted the parties to reopen discovery, the additional discovery is limited to the impact of the late disclosed document, if any, on the experts' opinions of value. No additional discovery outside this limited scope will be permitted.

Defendants' Rule 30(b)(6) notice of deposition seeks information that is outside the scope of the July 8, 2009 Order because it seeks to examine the culpability of the United States concerning the search it performed for requested documents. Because Defendants' notice seeks information outside the limited scope of additional discovery, Plaintiff is entitled to a protective order.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Protective Order from Notice of Deposition of United States of America Pursuant to Fed. R. Civ. P. 30(b)(6), and Notice of Non-Appearance (Doc. 214), filed on July 31, 2009, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**